# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MATEO JAIME GONZALEZ, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 5:07-cv-08025-VEH-JEO |
| | ) | 5-06-cr-00352-VEH-JEO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Mateo Jaime Gonzalez initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (07-08025 at Doc. 1).[1] Upon consideration of the defendant's arguments, the court finds that the motion is due to be dismissed.

## BACKGROUND

The defendant was charged in September 2006, in two indictments. (Ex. A-D).[2] In the first indictment, the defendant was charged with five other defendants in a conspiracy to possess and distribute over 500 grams of methamphetamine in violation of 21 U.S.C. § 846. (Ex. C). In the second indictment, he was charged with being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). (Ex. D).

The defendant executed two plea agreements in the foregoing cases on October 23, 2006. (Ex. E & F). He then pled guilty on both charges on October 30, 2006 (Ex. A & B), and was sentenced on March 27, 2007. He received a 41 month sentence on both charges followed by 60

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case. The pleadings from the original criminal case are designated as "06-0352" and the pleadings on the motion to vacate are designated as "07-08025".

[2] Unless noted elsewhere herein, the exhibits are attached to the response of the United States at document 4 in 07-8025.

months supervised release.  The sentences were to run concurrently.  (Ex. G & H).  The defendant did not appeal either his plea or sentence.

On August 13, 2007, he filed the present motion to vacate.  Therein, he alleges that (1) because of his alien status, he is ineligible for the substance abuse treatment program of the Bureau of Prisons which could have reduced the time he would have to serve and this is something the court should have considered, (2) his counsel did not explain the difference between a Rule 11(e)(1)(B) and (e)(1)(C) plea agreement, and (3) *Blakely* and *Booker* may have some application to his situation.  (07-8025 at Doc. 1).  The magistrate judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted.  (07-8025 at Doc. 2).  The United States responded that the motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255.  (*Id*. at Doc. 4).  It further asserted that the motion is without merit.  The Court afforded the defendant an opportunity to reply to the response of the United States.  He has not responded.

## DISCUSSION

### Waiver

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty pleas in this case.  Those waivers are evidenced by the plea agreements in both cases.  (Ex. E at p. 8 & F at p. 9).  Additionally, the defendant acknowledged the waivers during his guilty plea hearing.  Specifically, at the plea hearing on both cases, the Court inquired whether the defendant understood that he was giving up certain of his rights to challenge the pleas and sentences imposed.  (Ex. I at pp. 8-9; Ex. J at pp. 8-9).  The defendant, who was under

oath, indicated that he understood the plea agreement and the waiver provisions. (*Id*. at p. 9). At the sentencing on both pleas, the court again discussed the waivers and reminded the defendant of his right to appeal. Additionally, the court informed him that if he believed the waiver provisions of the agreements were unenforceable, he could challenge that on appeal as well. (Ex. K at p. 14).

As asserted by the United States, the Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver,* 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease,* 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas,* 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan,* 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The record demonstrates that the defendant's assent to the terms of his plea agreements, including his waiver of his right to appeal and to pursue relief in a § 2255 motion, was knowingly, intelligently, and voluntarily made.  The court specifically informed the defendant that the waiver in his agreement was enforceable, and that the Eleventh Circuit was the appropriate forum for any challenge to the enforceability of the waiver.  Additionally, the record demonstrates that the defendant had the ability to understand his decision to waive these rights.  Accordingly, the defendant's motion is barred from review by this court.

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate is due to be dismissed with prejudice.  An appropriate order denying this motion will be entered contemporaneously herewith.

**DONE**, this 19th day of November, 2007.

                **VIRGINIA EMERSON HOPKINS**
                United States District Judge